# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MONTANA DEPARTMENT OF REVENUE,<br><br>           Petitioner-Appellee,<br><br>vs.<br><br>TIMOTHY L. BLIXSETH<br><br>           Respondent-Appellant. | Case No.:2:13-cv-01324-JAD<br><br>Bankruptcy Appeal From Dismissal of Involuntary Chapter 7 (Bankr. Case # 11-15010-BAM)<br><br>**Order Granting Request for Certification of Direct Appeal to United States Court of Appeals for the Ninth Circuit Pursuant to 28 U.S.C. § 158(d)(2)**<br>**[Doc. 21]** |

The Montana Department of Revenue ("MDOR") and Timothy L. Blixseth have appealed an Order of the Bankruptcy Court, Bankr. Doc. 528, dismissing that involuntary bankruptcy case. On September 9, 2013, MDOR filed a request pursuant to 28 U.S.C. § 158(d)(2) that this Court certify the appeals of MDOR and Mr. Blixseth directly to the United States Court of Appeals for the Ninth Circuit. Doc. 21. Having reviewed the points and authorities submitted by MDOR's counsel, and seeing no opposition thereto, and good cause appearing, the Court hereby **GRANTS** MDOR's request [Doc. 21] on the bases of the findings that follow.

### A. The Appeal Involves a Question of Law as to Which There Is No Controlling Ninth Circuit or United States Supreme Court Decision.

The Court finds within the meaning of 28 U.S.C. § 158(d)(2)(A)(i) that the Bankruptcy Court's order dismissing the involuntary case below involves a question of law as to which there is no controlling decision of the United States Court of Appeals for the Ninth Circuit or of the Supreme Court of the United States. That question of law is whether the bankruptcy court erred in concluding that, when a creditor has claims of disputed and undisputed amounts, any bona fide dispute—whether it brings the creditor's claim under the threshold or not—disqualifies the creditor's claim in total for purposes of 11 U.S.C. § 303(b). Doc. 21 at 2-3, 6. The Court finds that this is a matter of public importance because it appears that no Circuit Court has spoken to the meaning and effect of § 303(b) since its amendment in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, §§ 1234(a)(1)(A) & (a)(12), 119 Stat. 23 (April 20, 2005) ("BAPCPA"). As a result, there is no controlling decision on this issue and, as discussed below, there is a significant split of authority among the bankruptcy courts.

The impact of the recent decision in *Marciano v. Chapnick (In re Marciano)*, 708 F.3d 1123 (9th Cir. 2013), on this case is another question of law yet unresolved by Ninth Circuit or United States Supreme Court authority. In *Marciano*, the Ninth Circuit held that an unstayed non-default state judgment is not subject to bona fide dispute for purposes of § 303(b)(1). *Id*. at 1128-29. MDOR contends that the claims at issue in this appeal involve "sworn, uncontested tax returns, non-appealed final judgment, and admissions before state tax tribunals." Doc. 21 at 3. The question of whether *Marciano* applies to the claims at issue in this appeal has not yet been answered and, beyond its importance to the parties to this appeal, it is also a matter of importance to taxing authorities and taxpayers in this circuit alike.

Therefore, the Court finds that a decision from the Ninth Circuit on these issues of law will provide guidance to petitioning creditors, involuntary debtors, and bankruptcy courts by which to analyze the creditor's qualifications under 11 U.S.C. § 303(b).

**B.     The Appeal Involves a Question of Law Requiring Resolution of Conflicting Decisions.**

The Court also finds within the meaning of 28 U.S.C. § 158(d)(2)(A)(ii) that the Bankruptcy Court's order dismissing the involuntary case below involves a question of law requiring resolution of conflicting decisions from bankruptcy courts in numerous jurisdictions. Mr. Blixseth and the Bankruptcy Court relied on a significant body of caselaw interpreting BAPCPA's amendment to 11 U.S.C § 303(b) to provide that any bona fide dispute as to amount, whether it brings the creditor's claim under the undisputed claim threshold amount or not, disqualifies the creditor's claim in total. *See* Bankr. Case 11-15010-wtt, Doc. 528 at 11-13 (Bankruptcy Court Order Dismissing the Involuntary Case; and Same, Doc. 515 at 28 (Blixseth's Post-Trial Closing Brief in Support of Amended Motion to Dismiss Involuntary Case) (both citing to *In re Excavation, Etc., LLC*, 2009 WL 1871682 at *1-2 (Bankr. D. Or. 2009) (unpublished); *In re Elverson*, 2013 WL 2138875 at *8 (Bankr. E.D. Pa. 2013); *In re Skyworks Ventures, Inc.*, 431 B.R. 573, 578 n.1 (Bankr. D.N.J. 2010); *In re Rosenberg*, 414 B.R. 826, 846 (Bankr. S.D. Fla. 2009); *In re Euro–American Lodging Corp.*, 357 B.R. 700, 712 n. 8 (Bankr. S.D.N.Y. 2007); *In re Regional Anesthesia Associates PC*, 360 B.R. 466, 470 (Bankr. W.D. Pa. 2007); *In re Mountain Dairies, Inc.*, 372 B.R. 623, 634 (Bankr. S.D.N.Y. 2007). MDOR, however, urged an alternative line of cases that rejects this disqualifying approach, which MDOR characterizes as indicative of the "unambiguous trend nationwide over the past several years." Doc. 21 at 6-8 (citing *In re DemirCo Holdings,Inc.*, 2006 WL 1663237 at *3 (Bankr. C.D. Ill. 2006) (unpublished); *In re Miller*, 489 B.R. 74, 81-82 (Bankr. E.D. Tenn. 2013) ("the court does not agree that

post-BAPCPA §303(b) requires an all-or-nothing analysis: that the statutory language "as to liability or amount' should be read as meaning that any dispute as to any portion of the amount of a claim owed disqualifies a creditor from being a petitioning creditor"); *In re Tucker*, 2010 WL 4823917 at *6 (Bankr. N.D. W.Va. 2010) (slip copy) ("[t]he better reasoned authority suggests that a petitioning creditor is not disqualified even if a bona fide dispute exists regarding a portion of its claim"); *In re Wishgard*, LLC, 2013 WL 1774707 at *5 (Bankr. W.D. Pa. 2013) (slip copy) ("this Court finds the analysis in Miller to be the persuasive interpretation"); *In re Roselli*, 2013 WL 828304 at *9 (Bankr. W.D. N.C. 2013) (slip copy); *In re Mountain Country Partners*, LLC, 2012 WL 2394714 at *3 (Bankr. S.D. W.V. 2012) (slip copy).  This split in authority qualifies this matter for certification under 28 U.S.C. § 158(d)(2)(A)(iii).

**C.      Direct Appeal May Materially Advance the Progress of this Case.**

The Court also finds within the meaning of 28 U.S.C. § 158(d)(2)(A)(iii) that a direct appeal from the Bankruptcy Court's order may materially advance the progress of the case.  This case has already had a prior order appealed to the BAP and Ninth Circuit.  In 2011, the Bankruptcy Court dismissed this case on venue grounds; MDOR appealed to the Ninth Circuit BAP, which issued an order on December 17, 2012, reversing and remanding the case.  *See* BAP Case #11-1305.  Mr. Blixseth then appealed the BAP decision to the Ninth Circuit, later withdrawing the appeal.  *See* 9th Cir. Case No. 13-60007.  The instant matter involves both appeal and cross-appeal issues, and it is probable that this case will find its way to the Ninth Circuit Court of Appeals regardless of the outcome of the proceedings before this Court.  For that reason and the importance of the questions of law described above, the Court finds that certification for direct appeal may materially–and more expeditiously–advance the progress of this case.

Accordingly, in the interest of judicial and economic efficiency, pursuant to 28 U.S.C. § 158(d)(2), IT IS HEREBY ORDERED that The Montana Department of

Revenue's Request for Certification Pursuant to 28 U.S.C. §158(d)(2) **[#21] is GRANTED**.

  THIS COURT HEREBY **CERTIFIES this appeal directly to the United States Court of Appeals for the Ninth Circuit** pursuant to 28 U.S.C. §158(d)(2)(B).

  The Clerk of this Court is hereby directed to file this certification in this Court's docket.

  Dated this 25th day of September, 2013.

           _____
           Jennifer A. Dorsey
           United States District Court Judge