UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Montana Department of Revenue,<br><br>　　　Petitioner-Appellee<br><br>v.<br><br>Timothy L. Blixseth,<br><br>　　　Respondent-Appellant | 2:13-cv-01324-JAD<br><br>**Order Granting in Part and Denying in Part Motion for Motion for Leave to File Supplemental Letter and for Judicial Notice**<br><br>[ECF 74, 76] |

　　　The Montana Department of Revenue ("MDOR") moves under FRBP 8014(f) for leave to file a supplemental letter with copies of four decisions that were entered by the Montana Tax Appeal Board ("MTAB") in Timothy L. Blixseth's state-tax appeal, as well as the docket from that appeal, arguing that those documents have a direct relation to matters that are at issue in this appeal.[1] MDOR also moves under FRE 201(b) and FRBP 9017 for me to take judicial notice of the MTAB decisions and docket in that appeal, and also of "all of the reasonably undisputed facts" contained in those documents.[2]

　　　Blixseth responds that the MTAB decisions do not fall under FRBP 8014(f) because three were entered before briefing in this appeal concluded, and none is "pertinent" or "significant" to the matters in this appeal.[3] Blixseth does not dispute the existence or authenticity of these documents, but he complains that MDOR did not identify in its motion any of the facts contained in those documents that it wants judicially noticed.[4]

　　　Although I am not entirely convinced that the MTAB decisions and docket are the type of "authorities" that FRBP 8014(f) contemplates, I find that the Rule is self-executing—it does not require court approval. I thus grant MDOR's request to file a supplement, and I direct that any

---

[1] ECF 74 at 2–5 (original motion); ECF 76 (corrected image of motion).

[2] ECF 76 at 5–6.

[3] ECF 78 at 2–3.

[4] *Id.* at 3.

response by Blixseth must be made within seven days of service of MDOR's supplement and must not to exceed 350 words.  I also find that MTAB's decisions and dockets are part of a state administrative proceeding and can be judicially noticed as public records.  Accordingly, I grant MDOR's request for judicial notice, but only to the extent that it seeks judicial notice of the existence, content, and authenticity of those documents, and I deny MDOR's request to the extent that it seeks judicial notice of the truth or veracity of the content of those documents.

## Discussion

### A. Citation of supplemental authorities under FRBP 8014(f)

"If pertinent and significant authorities come to a party's attention after the party's brief has been filed[,]" FRBP 8014 provides that "a party may promptly advise the district or BAP clerk by a signed submission setting forth the citations."[5]  The Rule appears to contemplate a post-briefing source like a case or statue that is cited in support of a legal argument, but MDOR wields the MTAB decisions and docket more for a factual point.  Regardless, the Rule does not require that MDOR obtain leave of court before filing its supplement, but it does limit the supplement to 350 words.  MDOR's claim that the supplement complies with the word-count requirement is not disputed by Blixseth.[6]  Accordingly, MDOR's request for leave to file its supplemental letter is granted.  MDOR must file its supplement **by April 11, 2016**.  And because MDOR sought leave rather than simply file the supplement, I will permit Blixseth to file a response as allowed under FRBP 8014(f).  Any response by Blixseth must be made **within seven days of service** of MDOR's response and must not to exceed 350 words.

### B. Judicial notice under FRE 201(b)

Judicial notice is a means to establish the existence of a fact without the necessity of formal proof.[7]  Federal courts may take judicial notice "of facts relating to the particular case, though no evidence is introduced, where the fact is 'not subject to reasonable dispute,' either

---

[5] FED. R. BANKR. P. 8014(f).

[6] *See* ECF 78.

[7] *See Castillo-Villagra v. I.N.S.*, 972 F.2d 1017, 1026 (9th Cir. 1992).

because it is 'generally known within the territorial jurisdiction,' or is 'capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned.'"[8] Among other things, courts can take judicial notice of some public records like reports and records of administrative bodies.[9] But when a court takes judicial notice of another tribunal's opinion, "it may do so not for the truth of facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity."[10]

The MTAB is an administrative body of the State of Montana. The MTAB's decisions and docket from Blixseth's income-tax appeal to the MTAB are judicially noticeable records and decisions of an administrative body. But those documents are judicially noticeable only for the purposes of authenticity, publication, and the existence of their content, not for the truth of disputed matters asserted in those documents. Because it was fleshed out only in reply,[11] I do not directly consider MDOR's request that I take judicial notice of "all of the reasonably undisputed facts" in the MTAB decisions and docket.[12] But I note that the truth of the content of those documents are not proper subjects of judicial notice under FRE 201(b).[13]

---

[8] *Id.* (quoting FED. R. EVID. 201(b)).

[9] *U.S. v. Ritchie*, 342 F.2d 903, 909 (9th Cir. 2003).

[10] *C.f. Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001), *impliedly overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002) (concerning another court's decision and citing *So. Cross Overseas Agencies v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426–27 (3d Cir. 1990)).

[11] And even then it was only partially fleshed out: although MDOR listed in its reply five of the facts that it wants judicially noticed, that list was made "without limitation." ECF 80 at 4.

[12] *See Zamani v. Carnes*, 491 F.3d at 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.") (citation omitted).

[13] *C.f. U.S. v. So. Cal. Edison Co.*, 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004) (collecting authorities) ("While the authenticity and existence of a particular order, motion, pleading or judicial proceeding [that] is a matter of public record[ ] is judicially noticeable, veracity and validity of its contents (the underlying arguments made by the parties, disputed facts, and conclusions of applicable facts or law) are not.").

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that **MDOR's motion for leave to file a supplemental letter under FRBP 8014(f) and request for judicial notice [ECF 74, 76] is GRANTED in part and DENIED in part** consistent with this order:

- MDOR's request to file a supplemental letter under FRBP 8014(f) is **GRANTED**.
- MDOR must file its supplement by **April 11, 2016**.
- Any response by Blixseth to MDOR's supplement must be made **within seven days of service** of MDOR's response and must not to exceed 350 words.
- MDOR's request for judicial notice of the four decisions by MTAB in Blixseth's income-tax appeal [ECF 76 at 13–15 (first MTAB decision); ECF 76 at 17–25 (second MTAB decision); ECF 76 at 27–31 (third MTAB decision); ECF 76 at 33–40 (fourth MTAB decision)] and the docket in that appeal [ECF 76 at 42–47] is **GRANTED** to the extent that it seeks judicial notice of the authenticity, publication, and existence of the content of those documents and **DENIED** to the extent that it seeks judicial notice of the truth of the content of those documents.

DATED: March 28, 2016

_____
Jennifer A. Dorsey
United States District Judge